IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMBERLY D. SHARP,

        Plaintiff,

v.                                                               Case No. 10-3100-JTM

KAREN ROHLING, et al.,

        Defendant.

MEMORANDUM AND ORDER

Petitioner Kimberly D. Sharp moves this court for permission to proceed *in forma pauperis* for the purpose of appealing the court's Judgment (Dkt. 16) entered on March 28, 2014. On May 26, 2010, the court granted Sharp's motion to proceed *ifp* upon filing her initial 28 U.S.C. § 2254 petition in the district court, after she provided evidence of her financial status in the form of her prisoner's trust fund account statement. Sharp informs the court that she has remained incarcerated and her counsel is unaware of any significant change in Sharp's financial status since the court granted her earlier motion.

A motion to proceed *in forma pauperis* on appeal, supported by required documents, must be made in the first instance to the district court. *Boling-Bey v. United States Parole Commission*, 559 F.3d 1149, 1154 (10th Cir. 2009) (citing FED. R. APP. P. 24(a)(1)). However, a prisoner seeking to proceed *ifp* on appeal from a judgment in a civil action or proceeding must file a new motion in the district court together with a supporting affidavit and a certified copy of the prisoner's trust fund account statement for the six-month period immediately prior to the filing of the notice of appeal. *Id.* It

must be done regardless of the prisoner's *ifp* status in the district court. *Id.* (citing 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a)(1) (requiring motion in the district court unless Rule 24(a)(3) applies); 10th Cir. R. 24.1 (requiring the district court to "obtain sufficient information to determine [a] prisoner's eligibility for, and make the assessment of, a partial [appellate] filing fee under the [PLRA]" when "a prisoner tenders no filing fee, or less than the full fee")).

Following the Tenth Circuit's guidance in *Boling-Bey*, this court cannot grant Sharp's motion without an up-to-date certified copy of her prisoner trust found account statement for the six-month period immediately prior to the filing of her notice of appeal. However, the court defers the requirement that Sharp's filing fee be paid until this information is received. The court will ultimately rule on this motion at that time.

SO ORDERED this 23rd day of April, 2014.

s/ J. Thomas Marten<br>J. THOMAS MARTEN, JUDGE